UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUNE M. CANTRELL, FREDDIE CANTRELL, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> CAPITAL ONE, N.A., <br><br> Defendant. | Case No.: 2:15-cv-2023-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 4), filed by Defendant Capital One, N.A. ("Capital One"). *Pro se* Plaintiffs Freddie Cantrell, Jr. and June M. Cantrell filed a response in opposition, (ECF No. 12), and Capital One replied, (ECF No. 14). For the reasons set forth herein, Capital One's Motion will be granted, and this case will be dismissed.

**I.    BACKGROUND**

This case centers upon allegations that Capital One wrongfully foreclosed upon Plaintiffs' residence, located at 2717 Saint Clair Drive, Las Vegas, Nevada 89128 (the "Property"). *See* (Compl., ECF No. 1).[1] On October 1, 2004, Plaintiffs obtained a mortgage loan, which was secured by a Deed of Trust on the Property. (*Id.* ¶ 6). Plaintiffs allege that Capital One foreclosed upon the Property on May 27, 2015. (*Id.* ¶ 24). Plaintiffs also allege that Capital One committed numerous acts of fraud and forgery, and that the Deed of Trust was illegally transferred prior to the foreclosure sale. *See generally* (Compl.).

Based on these allegations, the Complaint purports to allege the following causes of action: (1) slander of title, (2) quiet title, (3) wrongful foreclosure, (4) civil conspiracy, (5)

---

[1] In light of Plaintiffs' status as *pro se* litigants, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Truth in Lending Act ("TILA") violations, (6) predatory lending practices, (7) fraudulent appraisal, (8) breach of contract, (9) fraudulent concealment, (10) breach of the implied covenant of good faith and fair dealing, (11) breach of fiduciary duty, and (12) Fair Debt Collection Practices Act ("FDCPA") violations. (*Id.*).

The Court notes that Plaintiffs recently filed another case against Capital One based upon strikingly similar allegations that is currently pending before the Court. *See Cantrell v. Capitol One, N.A.*, No. 2:15-CV-0257-GMN-VCF, 2016 WL 917312 (D. Nev. Mar. 7, 2016) ("*Cantrell I*"). In the instant Motion, Capital One argues that this case should be dismissed pursuant to the doctrine against claim splitting.

## II.  DISCUSSION

The doctrine against claim splitting exists to protect defendants from being harassed by repetitive actions based on the same claim. *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 328 (9th Cir. 1995). Pursuant to this doctrine, "[A] court should dismiss for improper claim-splitting any claims filed by the same party as affirmative claims in an earlier action and which would be precluded in the later case were there a final judgment on the merits on the claims in the earlier case." *Henderson v. Bonaventura*, 994 F. Supp. 2d 1106, 1112 (D. Nev. 2014); *see also Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011) ("[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit."). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008); *see also Katz*, 655 F.3d at 1217 ("District courts have discretion to control their dockets by dismissing duplicative cases.").

Review of the complaint filed in *Cantrell I* quickly reveals that these two cases are based largely on identical allegations. Indeed, several sections of the Complaint in this case appear to be directly copied from the complaint in *Cantrell I*. For example, both complaints allege:

> **Defendants victimized Plaintiffs** with a **predatory loan**, with all the elements previously described, at the loan closing when Plaintiffs purchased their home at 2717 Saint Clair Drive. Defendants never informed Plaintiffs of their **TILA-Right to Rescission** at any time and that is the ultimate civil conspiracy . . .
>
> The mortgage was based on **a fraudulent appraisal**, we know that because Plaintiffs home was purchased for $425,000 and its value is approximately only half of that amount. . . .
>
> The answer to the obvious question of how to remedy massive foreclosures happening all across America has been known all along by these frauds and predators in the mortgage industry. But the answer has been intentionally withheld from homeowners because there is a profit to be made through lies, deceit, and negligence. The answer is found in **15 USC 1635 the Truth in Lending Act (TILA) Right of Rescission.**

(Compl. ¶¶ 37, 39, 41); *Cantrell v. Capitol One*, No. 2:15-CV-0257-GMN-VCF (D. Nev. Feb. 12, 2015) (Compl. ¶¶ 7, 8, 11, ECF No. 1) (identical emphasis in both complaints). Furthermore, all of Plaintiffs' claims in both cases involve alleged fraud and misconduct surrounding the formation and assignment of Plaintiffs' mortgage loan, as well as defects in Capital One's attempts to foreclose upon the Property.

Therefore, as all of the parties named in the instant action are also named in *Cantrell I*, and both cases involve largely identical claims that arise from a common transactional nucleus

of facts, the Court finds that this action is duplicative of *Cantrell I*. Accordingly, the Court finds that this case is barred by the doctrine against claim splitting, and Capital One's Motion to Dismiss will be granted.

### III.　CONCLUSION

**IT IS HEREBY ORDERED** that Capital One's Motion to Dismiss, (ECF No. 4), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint, (ECF No. 1), is **DISMISSED**.  The Clerk shall enter judgment accordingly and close the case.

**DATED** this __26__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court