# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUNE M. CANTRELL, FREDDIE CANTRELL, JR.,

   Plaintiffs,

vs.

CAPITAL ONE, N.A.,

   Defendant.

Case No.: 2:15-cv-2023-GMN-GWF

**ORDER**

Pending before the Court is the Motion to Reconsider, (ECF No. 37), filed by *pro se* Plaintiffs June Cantrell and Freddie Cantrell. For the reasons set forth herein, the Motion will be DENIED.

## I. BACKGROUND

This case centers upon allegations that Capital One wrongfully foreclosed upon Plaintiffs' residence, located at 2717 Saint Clair Drive, Las Vegas, Nevada 89128 (the "Property"). *See* (Compl., ECF No. 1).[1] On October 1, 2004, Plaintiffs obtained a mortgage loan, which was secured by a Deed of Trust on the Property. (*Id.* ¶ 6). Plaintiffs allege that Capital One foreclosed upon the Property on May 27, 2015. (*Id.* ¶ 24). Plaintiffs also allege that Capital One committed numerous acts of fraud and forgery, and that the Deed of Trust was illegally transferred prior to the foreclosure sale. *See generally* (Compl.).

---

[1] In light of Plaintiffs' status as *pro se* litigants, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Based on these allegations, the Complaint purported to allege the following causes of action: (1) slander of title, (2) quiet title, (3) wrongful foreclosure, (4) civil conspiracy, (5) Truth in Lending Act ("TILA") violations, (6) predatory lending practices, (7) fraudulent appraisal, (8) breach of contract, (9) fraudulent concealment, (10) breach of the implied covenant of good faith and fair dealing, (11) breach of fiduciary duty, and (12) Fair Debt Collection Practices Act ("FDCPA") violations. (*Id.*).

On April 26, 2016, the Court dismissed the Complaint with prejudice pursuant to the doctrine against claim splitting. (Dismissal Order, ECF No. 35). In the instant Motion, Plaintiffs argue that the dismissal was in error.

## II.     LEGAL STANDARD

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court may reconsider its orders. This rule, governing relief from a judgment or order, provides in part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### III.   DISCUSSION

In the instant Motion, Plaintiffs argue that the Court's dismissal of the Complaint was clearly erroneous. However, instead of addressing the reasoning upon which the dismissal was based, Plaintiffs set forth generalized assertions that the Court's rulings cannot be impartial because "the little guy always loses." (Plaintiffs' Motion 6:7, ECF No. 37). Such assertions fail to present a sufficient basis for reconsideration. Accordingly, Plaintiffs' Motion will be DENIED.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration, (ECF No. 37), is **DENIED**.

**DATED** this __8__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court